DAVID BURNS ET AL. *v*. BOARD OF EDUCATION
OF THE CITY OF STAMFORD ET AL.
(11284)

DALY, HEIMAN and FREEDMAN, Js.

Argued January 13—decision released March 16, 1993

*Carolyn W. Alexander,* for the appellants (plaintiffs).

*Richard A. Robinson,* assistant corporation counsel, with whom, on the brief, was *Daniel B. McCabe,* corporation counsel, for the appellees (defendants).

DALY, J. The plaintiffs, David Burns and Darlene Vrendburgh, David's mother and next friend, instituted this four count action following David's fall on an icy high school courtyard. The plaintiffs appeal from the trial court's rendering of summary judgment in favor of the defendants[1] on the first, second, and fourth counts of the complaint.[2] The trial court granted the motion for summary judgment after determining that the alleged negligent acts were discretionary in nature

---

[1] The city of Stamford, the Stamford board of education and the superintendent of schools are the defendants in this matter.

[2] The third count sounding in nuisance against the city of Stamford and the board of education is extant and is not involved in this appeal.

and that no exception to the doctrine of governmental immunity permitted the claims alleged in those counts. We affirm the judgment of the trial court.

The factual situation is as follows. On January 13, 1988, David, a student at West Hill High School in Stamford, was walking across the courtyard en route to his guidance counselor's office when he slipped and fell on a sheet of ice, fracturing his left elbow. The courtyard is the main access between the two buildings that comprise the high school. The area was not sanded or salted and no warnings had been issued to the students as to its condition. School policy under which the school custodians operated called for inspection of the entire area by the head custodian who would order sanding and salting as necessary.

The gravamen of the fourth count of the complaint is that the defendant superintendent of schools was negligent in failing to ensure that the courtyard was properly salted and sanded and in failing to warn of the icy conditions existing in the courtyard. Counts one and two, brought against the Stamford board of education and the city of Stamford, are derivative in nature. The defendants filed a special defense of governmental immunity.

The superintendent's affidavit, filed in conjunction with the motion for summary judgment, indicated that his duties as superintendent did not include the personal inspection of the grounds of the high school or verification that ice and snow conditions had been corrected. He stated that he did not visit the high school, was unaware of the icy conditions and did not instruct or encourage any student to use the courtyard on the day in question.

The head custodian stated in a deposition that the decision of whether to salt and sand the premises was his to make and was not the superintendent's decision.

The defendants filed a motion for partial summary judgment as to the negligence and derivative suit counts, arguing that the superintendent was protected under the doctrine of governmental immunity. The motion was granted.

The plaintiffs raise the following issues on appeal: (1) Are the negligent acts alleged ministerial and thus not barred by governmental immunity? (2) Does the foreseeable victim exception to the doctrine of governmental immunity apply? (3) Is the doctrine of governmental immunity constitutional? (4) Does the doctrine violate public policy such that it should be overturned by judicial fiat?

I

The plaintiffs first claim that the sanding and salting of the courtyard of the high school is a ministerial duty to which the doctrine of governmental immunity does not apply.

"When reviewing a trial court's ruling on a motion for summary judgment, we must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384; *Mingachos* v. *CBS, Inc.,* 196 Conn. 91, 111, 491 A.2d 368 (1985); *D.H.R. Construction Co.* v. *Donnelly,* 180 Conn. 430, 434, 429 A.2d 908 (1980). *Aetna Casualty & Surety Co.* v. *Jones,* 220 Conn. 285, 292–93, 596 A.2d 414 (1991)." (Internal quotation marks omitted.) *West Haven* v. *Hartford Ins. Co.,* 221 Conn. 149, 155, 602 A.2d 988 (1992). The plaintiffs do not claim that a genuine issue of material fact existed on any of the counts on which summary judgment was granted. In this appeal, the dispositive issue is whether the defendants were entitled to judgment as a matter of law. "[Summary] judgment shall be rendered forthwith if the pleadings, affidavits and any other proof sub-

mitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384. Because there was no duty imposed on the superintendent to ensure that the courtyard was sanded and salted, he was not negligent and, therefore, he was entitled to summary judgment.

"Negligence is a breach of duty. . . . To sustain a cause of action, the court must determine whether the defendant owed a duty to the plaintiff's decedent and the applicable standard of care. . . . The existence of a duty is a question of law. . . . Only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." (Citations omitted; internal quotation marks omitted.) *Shore* v. *Stonington,* 187 Conn. 147, 151–52, 444 A.2d 1379 (1982).

According to the defendant superintendent's affidavit: "My duties do not include personally inspecting the grounds at West Hill High School on a regular basis, or to verify that ice and snow conditions have been corrected. I rely on subordinates for the regular maintenance and supervision of school grounds. I did not personally instruct or encourage David Burns or any other student to use the courtyard of West Hill High School on the date of January 13, 1988." General Statutes § 10-157 (a) addresses the general responsibilities of the superintendent. Section 10-157 (a) provides in part: "Any local or regional board of education shall provide for the supervision of the schools under its control by a superintendent who shall serve as the chief executive officer of the board. The superintendent shall have executive authority over the school system and the responsibility for its supervision. . . ." This statute, which places supervisory responsibility on the superintendent, does not place a specific duty on the superintendent to ensure that the sidewalks and court-

yards of Stamford schools are salted and sanded. We know of nothing that places such a duty on the superintendent. Furthermore, the head custodian took responsibility for his failure to salt and sand the courtyard because it was his responsibility to do so.

Thus, the duty rested with the head custodian, who is not a party to the suit. The superintendent is not responsible for the actions of the head custodian because at common law government officials are generally not held vicariously liable for the acts of their subordinates. *Canning* v. *Lensink,* 221 Conn. 346, 353, 603 A.2d 1155 (1992). Summary judgment was, therefore, properly entered in favor of the superintendent.

Despite the plaintiffs' assertions to the contrary, even if the superintendent possessed a duty, the duty was discretionary and fell within the ambit of the doctrine of governmental immunity. "If by statute or other rule of law the official's duty is clearly ministerial rather than discretionary, a cause of action lies for an individual injured from allegedly negligent performance." *Shore* v. *Stonington,* supra, 153. "Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." (Internal quotation marks omitted.) *Gordon* v. *Bridgeport Housing Authority,* 208 Conn. 161, 167–68, 544 A.2d 1185 (1988); *Kolaniak* v. *Board of Education,* 28 Conn. App. 277, 280–81, 610 A.2d 193 (1992).

This case differs from *Kolaniak* v. *Board of Education,* supra, where a student also slipped and fell on school grounds because the walkway was not properly shoveled, sanded or salted. The defendants in that case included the supervisor of night custodians and the head of the maintenance staff. Id., 278 n.1. There, the board

of education had issued a bulletin stating that walkways were to be inspected and kept clean on a daily basis. We determined that, given the issuance of the bulletin, the trial court properly determined as a matter of law that the supervisor of night custodians and the head of the maintenance staff performed ministerial functions. Id., 281–82. In the present case, there was no such directive from the board of education or the superintendent. Unlike the shoveling of school walks in *Kolaniak* v. *Board of Education,* supra, which was performed at the behest of the school board, the salting or sanding at issue here was solely the responsibility of the head custodian, and was not a ministerial action performed under the superintendent's direction.

"There is also authority for the proposition that where the duty of the public official to act is not ministerial but instead involves the exercise of discretion, the negligent failure to act will not subject the public official to liability unless the duty to act is clear and unequivocal. . . . We have recognized the existence of such duty in situations where it would be apparent to the public officer that his failure to act would be likely to subject an identifiable person to imminent harm." (Citation omitted.) *Shore* v. *Stonington,* supra. We agree with the defendants that the identifiable person exception does not apply to the present case.

Any duty to sand and salt the courtyard in this case would affect, not only David, but every member of the student population at West Hill High School. It was not apparent that the failure to salt and sand the high school courtyard would be likely to subject David to imminent harm. The duty to salt and sand the courtyard was discretionary and did not come within the purview of this exception. For these reasons, we conclude that the trial court properly determined that the doc-

trine of governmental immunity applied and that the foreseeable victim exception was inapplicable. Thus, summary judgment was proper.

## II

Having determined that the trial court properly granted the motion for summary judgment in favor of the superintendent, we consider the judgment in favor of the board of education and the city of Stamford on counts one and two. The plaintiffs have relied on General Statutes §§ 7-465[3] and 10-235[4] as the basis for the defendants' derivative liability. "Whatever may be the full scope and effect of [§ 7-465], in no event may the municipality be held liable under it unless the municipal employee himself becomes obligated to pay [sums] by reason of the liability imposed upon . . . [him] by law for physical damages to person or property." (Internal quotation marks omitted.) *Kostyal* v. *Cass,* 163 Conn. 92, 97, 302 A.2d 121 (1972).

"The allegations of a complaint limit the issues to be decided on the trial of a case and are calculated to prevent surprise to opposing parties. . . . It is fundamental in our law that the right of a plaintiff to recover

---

[3] General Statutes § 7-465 (a) provides in pertinent part: "Any town, city or borough . . . shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded . . . for physical damages to person . . . if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty. . . ."

[4] General Statutes § 10-235 (a) provides in pertinent part: "Each board of education shall protect and save harmless any member of such board or any teacher or other employee thereof or any member of its supervisory or administrative staff . . . arising out of any claim, demand, suit or judgment by reason of alleged negligence or other act resulting in accidental bodily injury to . . . any person . . . within or without the school building . . . ."

is limited to the allegations of his complaint. . . . A plaintiff may not allege one cause of action and recover on another." (Citations omitted; internal quotation marks omitted.) *Lundberg* v. *Kovacs,* 172 Conn. 229, 232, 374 A.2d 201 (1977).

Section 10-235 is also an indemnification statute contingent on a judgment's being obtained against a board member, teacher, employee or any member of the board's supervisory or administrative staff. Since the plaintiffs have alleged that the basis for their claim is the superintendent's negligence, if that fails, so does the derivative claims that are based on it. Thus, the trial court properly rendered summary judgment in favor of the remaining defendants.

### III

We turn now to the plaintiffs' third claim that the doctrine of governmental immunity violates the federal and state guarantees of equal protection under the fourteenth amendment to the United States constitution and article first, § 20, as amended, and article first, § 10 of the Connecticut constitution.

When, as here, there is an equal protection challenge, we must first determine the standard by which the constitutionality of the common law doctrine of governmental immunity will be determined. We apply the rational basis test in accordance with our Supreme Court's decision in *Ryszkiewicz* v. *New Britain,* 193 Conn. 589, 479 A.2d 793 (1984), which involved an equal protection challenge to a statute that limited governmental liability. When applying the rational basis test, we must decide whether the purpose of the doctrine of governmental immunity is legitimate and whether the doctrine is designed to accomplish that purpose in a fair and reasonable way. Id., 598. "For our purposes here the test is the same under both the federal and state constitutions. *Caldor's, Inc.* v. *Bedding Barn, Inc.,*

[177 Conn. 304, 314, 417 A.2d 343 (1979)]; *Horton* v. *Meskill,* 172 Conn. 615, 639, 376 A.2d 359 (1977)." *Ryszkiewicz* v. *New Britain,* supra, 599.

The plaintiffs argue that under the rational basis test there is no valid reason to protect the defendants from liability under the doctrine of governmental immunity, where private persons or entities would be liable. The plaintiffs also assert that there is no justification for the doctrine that treats differently those injured by the acts of a municipality and those injured by the acts of private individuals or entities. We disagree.

The principal of governmental immunity was well established when the Connecticut constitution was adopted in 1818 and redrafted in 1965. Id., 598; *Murphy* v. *Ives,* 151 Conn. 259, 264, 196 A.2d 596 (1963). Exceptions to governmental immunity have been carved out as our legislature has deemed necessary. *Ryszkiewicz* v. *New Britain,* supra, 594–95; *Sagamore Group, Inc.* v. *Commissioner of Transportation,* 29 Conn. App. 292, 297, 614 A.2d 1255 (1992).

Our Supreme Court addressed the rationale of governmental immunity in *Wadsworth* v. *Middletown,* 94 Conn. 435, 439, 109 A. 246 (1920), "where [the Supreme Court] said that since certain public officials were 'engaged upon a governmental duty . . . so long as they act in good faith, in the exercise of an honest judgment, and not in the abuse of their discretion, or maliciously or wantonly, they cannot be held liable.' " *Gordon* v. *Bridgeport Housing Authority,* supra, 166. Thus, municipalities and officials would not be liable for discretionary acts, "as long as they were not performed maliciously, wantonly or in an abuse of discretion." Id. The court acknowledged the assortment of official duties which are dependent on the discretion of the public official. "The affairs of government cannot

be conducted with absolute exactitude, and public officials cannot be expected to act in all cases with certain judgment. Timidity and doubt would govern their performance of public duty if they acted in the consciousness that personal liability might follow, no matter how closely they followed their best discretion." *Wadsworth* v. *Middletown,* supra, 440.

The doctrine of governmental immunity is not so broad that it protects those officials who act wantonly or with malice. *Gordon* v. *Bridgeport Housing Authority,* supra; *Wadsworth* v. *Middletown,* supra. Nevertheless, implicit in the doctrine of governmental immunity is an understanding that municipalities provide for a wide range of services that involve discretionary decision making. Governmental immunity allows these decisions to be made unhampered by the fear that any error made in good faith will subject the municipality or the official to liability. Thus, the doctrine of governmental immunity satisfies the requirements of the rational basis test.

The plaintiffs rely on *Ryszkiewicz* v. *New Britain,* supra, where the plaintiff challenged the constitutionality of § 2709 of the New Britain city charter as adopted by the General Assembly, 30 Spec. Acts 404, No. 420, § 2709 (1961). Section 2709 limited the city's liability in any action for injuries caused by ice or snow on highways within the city. Our Supreme Court found the law to be unconstitutional as violating equal protection under the rational basis test because it gave New Britain immunity that other towns did not enjoy. The present case is different not only because the doctrine of governmental immunity satisfies the rational basis test but because the doctrine of governmental immunity gives Stamford the same freedom from liability that any other similarly situated municipality would enjoy. Furthermore, David is being treated the same as any member of the public who is injured on

a public school sidewalk as a result of icy conditions. We, therefore, conclude that his equal protection rights were not violated.

The plaintiffs also argue that the doctrine of governmental immunity is unconstitutional under article first, § 10, of our constitution. Article first, § 10, provides: "All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due cause of law, and right and justice administered without sale, denial or delay." "[A]ll rights derived by statute and the common law extant at the time of the adoption of article first, § 10, are incorporated in that provision." (Internal quotation marks omitted.) *Sanzone* v. *Board of Police Commissioners,* 219 Conn. 179, 195, 592 A.2d 912 (1991).

As we stated earlier, Connecticut municipalities have long enjoyed governmental immunity from liability for certain tortious acts. *Ryszkiewicz* v. *New Britain,* supra. Thus, article first, § 10, which grants access to courts for redress of grievances, does not make the doctrine of governmental immunity unconstitutional.[5] The plaintiffs have failed in their burden to establish the unconstitutionality of governmental immunity.

## IV

The plaintiffs seek to have us abrogate the deeply rooted doctrine of governmental immunity by judicial fiat. We decline to do so. "The state legislature . . . possesses the authority to abrogate any governmental immunity by statute that the common law gives to the state and municipalities." (Internal quotation marks omitted.) *Sagamore Group, Inc.* v. *Commissioner of Transportation,* supra, 297; *Fidelity Bank* v. *State,* 166

---

[5] It is interesting to note that municipal immunity has been recognized in two recent cases. See *Giannitti* v. *Stamford,* 25 Conn. App. 67, 79, 593 A.2d 140, cert. denied, 220 Conn. 918, 597 A.2d 333 (1991), and *Kolaniak* v. *Board of Education,* 28 Conn. App. 277, 280, 610 A.2d 193 (1992).

Conn. 251, 254, 348 A.2d 633 (1974). The legislature has carved out exceptions to the doctrine of governmental immunity[6] and may determine the propriety of the doctrine as it sees fit.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] For example, General Statutes § 13a-144 allows recovery for persons injured on defective state highways, bridges or sidewalks and General Statutes § 13a-149 allows persons injured on defective roads or bridges to recover from the municipality or government responsible for keeping it in repair.