[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION TO STRIKE FIFTH COUNT
The defendant sister Mary McCarthy has moved to strike the fifth count of plaintiff's second amended complaint dated December 15, 1992 and filed December 16, 1992. The fifth count alleges that negligence on the part of defendants All Connecticut Conference (hereafter "ACC") and sister Mary McCarthy (hereafter "sister McCarthy") resulted in injuries sustained by the plaintiff, Dana Rose, during her participation in an ACC sanctioned track meet on April 23, 1990 at St. Joseph's High School in Trumbull, Connecticut.
The fifth count alleges that Sister McCarthy is the president of the ACC and that the purpose of the ACC, among other things, "is to establish and unify policies of administration in ACC interscholastic athletics" and "to supervise and administer athletic events and programs for the three diocese within the state of Connecticut." The fifth count further alleges that the plaintiff sustained injuries while jumping in a supervised long jump event and that her injuries were caused by the negligence of the ACC and Sister McCarthy in that they: "(a) failed to inspect the landing pit to insure that it did not contain foreign objects; (b) failed to adequately supervise the track meet; (c) failed to adequately train its employees and staff in the care and maintenance of the track facilities; (d) used large rocks around the landing pit and allowed these rocks to be in the pit; (e) failed to provide adequate regulations to provide for the care, maintenance, and supervision of the athletic facilities."
The purpose of the motion to strike is to test the legal CT Page 3636 sufficiency of a complaint or any count therein to state a claim upon which relief can be granted. Practice Book 152(1); see also Ferryman v. Groton, 212 Conn. 138, 142 (1989). All well pleaded facts in a contested pleading are deemed admitted for the purposes of a motion to strike, and should be construed in a light most favorable to the non-moving party. Rowe v. Godou, 209 Conn. 273, 278 (1988).
Sister McCarthy argues that the fifth count of plaintiff's complaint fails to state a claim upon which relief can be granted because plaintiff failed to allege that Sister McCarthy owed a duty to plaintiff. Plaintiff argues that viewed in a light most favorable to her, the fifth count of her complaint clearly states a cause of action upon which relief may be granted. Plaintiff also argues that under Practice Book 110 it is unnecessary to allege any promise or duty which the law implies from the facts pleaded.
To support an action in negligence, the plaintiff must allege circumstances which would give rise to a duty owed by the defendant to the plaintiff. Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39,45 (1985). "Where there is no duty, there can be no actionable negligence." Frankovitch v. Burton, 185 Conn. 14, 20
(1981). "A duty to use care may arise . . . from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." Coburn v. Lenox Homes, Inc., 186 Conn. 370, 375 (1982).
The existence of a duty is a question of law. Shore v. Stonington, 187 Conn. 147, 151-52 (1982); Burns v. Board of Education, 30 Conn. App. 594, 598 (1993). The defendant's motion to strike the fifth count of the plaintiff's second amended complaint squarely raises the legal issue of whether the second amended complaint alleges sufficient facts to demonstrate the existence of a legal duty to the defendant on the part of Sister Mary McCarthy, as president of the ACC, under the circumstances set forth in the complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170-172 (1988).
In this case, the complaint alleges that Sister McCarthy was the president of the organization which not only sanctioned the track meet at which plaintiff was injured, but also was responsible for the administration of interscholastic athletics and the supervision and administration of athletic events and programs for the three diocese in Connecticut. The complaint further alleges that the plaintiff's injuries resulted from the failure of both sister McCarthy, as CT Page 3637 president of the ACC, and the ACC to make inspections, adequately supervise, adequately train employees and staff, and provide adequate regulation. These allegations suffice to establish circumstances which would give rise to a duty owed by Sister McCarthy, as president of the ACC, to the plaintiff Dana Rose, as a participant in an ACC sanctioned, supervised and administered athletic event. Neal v. Shiels, Inc., 166 Conn. 3, 12-13 (1974) see Practice Book 110.
Accordingly, the motion to strike the fifth count of the second amended complaint is denied.
LINDA K. LAGER, JUDGE