[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a negligence action to recover for injuries sustained during an accident at the Greenwich High School on September 16, 1988. The five count substitute revised complaint, dated September 13, 1991, alleges that while a student at Greenwich High School, the minor plaintiff, Nicole Esposito, sustained injuries when a table in the student center collapsed and fell on her left foot. the minor plaintiff, through her mother Linda Esposito as next friend, brings the first count against Anthony Sapia, the head custodian at the high school, the second count is against Eileen Petruzillo, the headmaster of the high school, and the third count is directed against the Town of Greenwich. Linda Esposito, as the plaintiff's mother, brings the fourth count as to Sapia and Petruzillo [hereinafter "individual defendants"] and the fifth count is against the Town of Greenwich, alleging that she spent and will continue to spend substantial sums of money for her daughter's medical care.
The individual defendants filed an answer and asserted three special defenses. The first asserted that if the plaintiff sustained injury, it was due to her own negligence. The second asserted that the individual defendants were protected under the doctrine of governmental immunity. The third asserted that any CT Page 6494 damages awarded must be reduced by any amounts paid to the plaintiffs from all collateral sources. The Town of Greenwich adopted the individual defendants' special defenses.
On February 21, 1992, the individual defendants brought a motion for summary judgment (#133) as to the first, second, and fourth counts of the plaintiffs' complaint, which appeared on the April 5, 1993 motion calendar. These defendants seek summary judgment on the ground that the plaintiffs failed to sustain a cause of action in negligence because the defendants are protected by the doctrine of governmental immunity. In support of their motion, the individual defendants submitted Sapia's response to the plaintiffs' interrogatories, which addressed maintenance policy, and the affidavits of both individual defendants. In support of their opposition, the plaintiffs submitted job descriptions for the positions of headmaster and head custodian, which the plaintiffs claim were promulgated by the Town of Greenwich.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wadia Enterprises v. Hirschfeld, 224 Conn. 240, 247, 618 A.2d 506 (1992). A material fact is one that will make a difference in the result of a case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990). "The test is whether a party would be entitled to a directed verdict on the same facts." Id.
"[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . ." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-81,595 A.2d 334 (1991). However, if the evidence presented is sufficient, it is "not rebutted by the bald statement that an issue of fact does exist." Hammer v. Lumberman's Mutual Casualty Co., supra, 579. In deciding such a motion, the court must view the evidence in the light most favorable to the non-moving party. Connecticut Bank Trust Co. v. Carriage Lane Associates, supra.
"A municipality's potential liability for its tortious acts is limited by the common law principal of governmental immunity." Heigl v. Board of Education, 218 Conn. 1, 4, 587 A.2d 423 (1991). However, governmental immunity is not a blanket protection of all official acts. Id. The public duty doctrine states that:
[I]f the duty which the official authority imposes upon CT Page 6495 an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public and not an individual injury, and must be redressed if at all in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it or perform it properly, is an individual wrong, and may support an individual action for damages.
Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 166,544 A.2d 1185 (1988), quoting Shore v. Stonington, 187 Conn. 147, 152,444 A.2d 1379 (1982).
However, "[i]f by statute or other rule of law, the official's duty is clearly ministerial rather than discretionary, a cause of action lies for an individual injured by an allegedly negligent performance." Burns v. Board of Education, 30 Conn. App. 594, 599,621 A.2d 1350 (1993), quoting Shore v. Stonington, supra, 153. "The court has discussed extensively the difference between a ministerial and a discretionary act." Gordon v. Bridgeport Housing Authority, supra. "Governmental [or discretionary] acts are performed wholly for the direct benefit of the public and are supervisory in nature." Heigl v. Board of Education, supra, 5, quoting Gauvin v. New Haven, 187 Conn. 180, 187, 445 A.2d 1 (1982). "[M]inisterial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." Id. The act of promulgating a policy has been found to be a discretionary activity; Id.; and so has the operation of a police force; Gordon v. Bridgeport Housing Authority, supra; but a determination of when to clear a sidewalk when the board of education has issued a bulletin directing that walkways were to be inspected and kept clean on a daily basis is not a discretionary function. Kolaniak v. Board of Education, 28 Conn. App. 277, 281,610 A.2d 193 (1992). But see Burns v. Board of Education, supra, 600 (salting or sanding a walkway is not a ministerial act when it was the sole responsibility of the head custodian, rather than under the board of education's direction).
"Whether the acts complained of . . . were governmental or ministerial is a factual question which depends upon the nature of the act complained of." Gauvin v. New Haven, supra, 186; Couture v. Board of Education, 6 Conn. App. 309, 311, 505 A.2d 432 (1986). However, the Supreme Court also approved the practice of deciding the issue of governmental immunity as a matter of law. Gordon v. Bridgeport Housing Authority, supra, 176. In deciding the issue of CT Page 6496 governmental immunity as a matter of law, the court in Gordon noted, however, that in the cases holding that the ministerial/discretionary determination is a question of fact, under the facts pleaded in those cases, the existence of the duty of the municipality was not questioned. Id., 180-81.
The individual defendants argue that they are not liable under the public policy doctrine, and that the plaintiffs have not stated an exception to the doctrine of governmental immunity, which bars claims when officials are performing discretionary acts. The plaintiffs contend that summary judgment is not appropriate because the issue of whether the defendants' acts are ministerial or discretionary is an issue of fact. The plaintiffs further argue that maintenance of school equipment is a ministerial act.
Whether the duties were ministerial or discretionary is a question of fact in this case, as the defendants failed to establish the absence of a duty to inspect the school furniture. In their affidavits, the individual defendants both state that they were not directly responsible for inspecting the tables in the high school. According to the job descriptions submitted by the plaintiffs in support of their opposition, however, the headmaster had the duty "to inspect the school plant thoroughly" and the head custodian was responsible for "the performance of routine building maintenance and repair tasks."
Two recent decisions of the Appellate Court indicate that the scope of an official's duties, and whether such duties are at the official's discretion or pursuant to a directive, are important in determining whether an act is discretionary or ministerial. See, Burns v. Board of Education, supra; Kolaniak v. Board of Education, supra. There is a dispute regarding whether or not the Town of Greenwich mandated that the headmaster and the head custodian had a duty to inspect the furniture in the school and to make necessary repairs. The resolution of this dispute is necessary in order to determine whether the tacks were ministerial or discretionary in nature. This dispute, in turn, creates a question of fact. Accordingly, the defendants' motion for summary judgment is denied.
So Ordered.
Dated at Stamford, Connecticut this 1st day of July, 1993.
WILLIAM BURKE LEWIS, JUDGE CT Page 6497