[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#145)
Rebecca Shopey and her two minor children, Robert III and Ashley brought this action to recover damages for personal injuries allegedly sustained at an Independence Day fireworks display. The incident occurred on July 4th 1990 on the grounds of Fuessenich Park, a park in the City of Torrington. The plaintiffs allege that several fireworks shells misfired into the crowd, causing them to sustain severe injuries and burns.
The defendants in the present action are Kenneth Lupoli, the individual who allegedly lit the fireworks; Vitale Fireworks, the company which allegedly made and sold the fireworks; Fair's Wood Service, the company which allegedly constructed the wooden racks from which the fireworks were ignited; the City of Torrington; Ronald G. Corey, the Fire Marshall of Torrington; and Bernard Lach, the Fire Chief of Torrington.
In counts twenty-five through fifty-four of their amended complaint, the plaintiffs allege, inter alia, that defendants Lach and Corey were negligent in failing to inspect the operation of the fireworks display. The plaintiffs allege further that pursuant to General Statutes 7-645 and 7-308, the defendant City of Torrington is liable for the negligence of its employees.
The defendants, Lach, Corey, and the City of Torrington move for summary judgment on counts twenty-five through fifty-four based on four grounds: 1) General Statutes 52-557f, et seq, the recreational use statute; 2) common law governmental immunity; 3) statutory governmental immunity of General Statutes 52-557n(b)(8); 4) an action against "firemen" pursuant to General Statutes 7-465
is insufficient as a matter of law.[1] Both sides have submitted memoranda of law and attachments in support of their respective positions.
"[S]ummary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.'" Practice Book 384; Connecticut Bank Trust Co. v. Carriage Lane Associates, CT Page 4104219 Conn. 772, 780-81, 595 A.2d 334 (1991). The party moving for summary judgment has the burden of showing that there are no material facts in dispute. Connell v. Colwell, 214 Conn. 242, 246,571 A.2d 116 (1990). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of a case." United Oil v. Urban Redevelopment Commission, 158 Conn. 364,379, 260 A.2d 596 (1969). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Catz v. Rubenstein, 201 Conn. 39,49, 513 A.2d 98 (1986).
 I
The Recreational Use Statute, in pertinent part, provides:
 (a) Except as provided in Section 52-557h, an owner of land who makes all or any part of the land available to the public without charge, rent, fee or other commercial service for recreational purposes owes no duty of care to keep the land, or the part thereof so made available, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering for recreational purposes.
 (b) Except as provided in Section 52-557(h), an owner of land who, either directly or indirectly, invites or permits without charge, rent, fee or other commercial service any person to use the land, or part thereof, for recreational purposes does not thereby (1) make any representation that the premises are safe for any purpose; (2) confer upon the person who enters or uses the land for recreational purpose the legal status of an invitee or licensee to whom a duty of care is owed; or (3) assume responsibility for or incur liability for any injury to person or property caused by the act or omission of the owner.
General Statutes 52-557g.
In two recent decisions, our Supreme Court has chosen an expansive interpretation of the Recreational Use Statute. In Manning v. Barenz, 221 Conn. 256, 603 A.2d 399 (1992), the court held that 52-577g "applies to all land owners-municipal and private. . . and extends to a municipality's employees." Id., 260-62, (The Town of Bloomfield and its municipal employees were immune from liability for an injury suffered by a two year old boy when the lid of a heavy box, used to store recreational items at a town CT Page 4105 owned park, fell on his thumb.) In Scrapchansky v. Plainfield,226 Conn. 446, 460-61, 627 A.2d 1329 (1993), the court held, inter alia, that a competitive baseball game came within the statutory definition of "recreational purpose" under section 52-557f(4). Id., 454-58, (Town of Plainfield was immune from liability for an injury a plaintiff who was injured when he ran into a stone wall in an American Legion baseball game at a ball field which is adjacent to the town high school and "controlled" by the town.)
In light of these holdings and their potential impact on future cases, this court is inclined to agree with the dissent of Justice Katz in Scrapchansky. Id., 461-70, (Katz, dissenting) (The Recreational Use Statute should not be extended to municipalities.)
According to the law of Manning and Scrapchansky, in order to prevail on their motion for summary judgment, the defendants are required by General Statutes 52-557g(a) to have made the park available to the public for recreational purposes, without fee, charge or rent. (Emphasis added.) Manning v. Barenz, supra, 451. It is not disputed that the fireworks display was offered to the public and that admittance to the display was free of charge. The plaintiffs do dispute, however, that the viewing of a firework display is a recreational activity within the purview of the statute. Section 52-557f(4) provides that:
 Recreational purpose includes, but is not limited to, any of the following, or any combination thereof: Hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, snow skiing, ice skating, sledding, hang gliding, sport parachuting, hot air ballooning and viewing or enjoying historical, archaeological, scenic or scientific sites.
General Statutes 52-557f(4).
Our Supreme Court has concluded that "the list of activities enumerated in 52-557f(4) is not exclusive and `is not limited to' those activities listed." Scrapchansky v. Plainfield, supra, 457.
 The list was not intended to exclude sports, such as baseball, that are universally recognized as recreational . . . . Recreational activities naturally arise from the desires and preferences of the person who is enticed away from the troubles and toil of the workday world and who is drawn to the outdoors to partake of an CT Page 4106 activity that is pleasant for its own sake.
Id., 456-57.
This court holds as a matter of law that the viewing of a fireworks display is not a "recreational activity" according to the Recreational Use Statute. All of the activities listed in the statute, and as extended in Manning and Scrapchansky, involve the specific use of the land for the recreational activity itself or as the object of viewing or enjoyment. In this particular instance, however, the public park was being utilized by the plaintiffs only as a spectator point to view a man-made activity. The fireworks display, not the public land, was the object of the plaintiffs' viewing and enjoyment. Accordingly, the plaintiffs' activity does not qualify as a "recreational purpose" pursuant to General Statutes 52-557f(4). The defendants' motion for summary judgment on the ground of Recreational Use Immunity is denied.
 II
The defendants next move for summary judgment on counts twenty five through fifty four on the ground that the actions are barred according to the common law doctrine of municipal immunity.
It is settled law that a municipal employee enjoys a qualified immunity from liability for the negligent performance of a governmental duty. Evons v. Andrews, 211 Conn. 501, 505,559 A.2d 1131 (1989); Gordon v. Bridgeport Housing Authority, 208 Conn. 161,165-69, 544 A.2d 1185 (1988). The municipal employee, however, may be liable if he misperforms a ministerial act. Evons v. Andrews, supra, 505. This will be true whether the duty alleged is public or private. Gordon v. Bridgeport Housing Authority, supra, 170. Accordingly, the threshold question in the present case is whether the defendants' duties were ministerial or governmental.
"Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." Burns v. Board of Education, 30 Conn. App. 594,599, 621 A.2d 1350 (1993), quoting Gordon v. Bridgeport Housing Authority, supra, 167-68. In general, "[w]hether the acts complained of . . . . [are] governmental or ministerial is a factual question which depends upon the nature of the act complained of." Viens v. Graner, 9 Conn. L. Rptr. 106, 308 (July 26, 1993, Teller, CT Page 4107 J.), quoting Gauvin v. New Haven, 187 Conn. 180, 186, 445 A.2d 1
(1982). However, in certain situations, Connecticut appellate courts have "approved the practice of deciding the issue of governmental immunity as a matter of law." Kolaniak v. Board of Education, 28 Conn. App. 277, 279, 610 A.2d 193 (1992).
The plaintiffs have alleged that the defendants were negligent in the following ways:
 a. In that they failed to inspect said mortar shells prior to and/or during said operation of said fireworks display;
 b. In that they failed to inspect said mortar tubes prior to and/or during said operation of said fireworks display;
 c. In that they failed to inspect the installation of said mortar racks prior to and/or during said operation of said fireworks display;
 d. In that they failed to inspect said mortar rack prior to and/or during said operation of said fireworks display;
 e. In that they failed to warn of the dangers and hazards of said fireworks display.
The defendants argue that these inspection duties are clearly discretionary, pursuant to which a municipal employee may claim immunity. Evons v. Andrews, supra, 506-07, (The duty of the municipal employees to inspect a particular dwelling involved the exercise of judgment and therefore the defendants were immune from liability.) In Evons, however, the plaintiffs did not allege that the defendants failed to inspect the premises. Id. Rather, the plaintiffs alleged that the defendants failed "to make reasonable and proper inspections of the property." (Emphasis in original.) Id., 506. The court stated:
 While an inspection by definition involves a "checking or testing of an individual against established standards"; what constitutes a reasonable, proper or adequate inspection involves the exercise of judgment. Further, no matter how objective the standard, an inspector's decision as to whether a building falls below a standard. . . . involves the exercise of his or her judgment. CT Page 4108
(Internal citation omitted.) Id.
The plaintiffs direct the court to General Statutes 29-357
and argue that the duty to perform inspections of a firework display is a ministerial duty. That statute regulates the permitting process for fireworks displays and, in pertinent part, provides: ". . . . Such [fireworks] display shall be of such a character and so located, discharged or fired as in the opinion of the chief of the fire department. . . ., after proper inspection, will not be hazardous to property or endanger any person or persons."29-357(b).
"If the act is mandated by rule or law or by statute, it is likely to be ministerial." Condito v. City of Stamford,4 Conn. L. Rptr. 75, 77 (1991, Karazin, J.), citing Shore v. Stonington, supra 153. However, simply because a statutory violation may be found does not necessarily mean that the defendants were performing a ministerial duty. Stevens v. DiLieto, Superior Court, Judicial District of New Haven, # 515353 (January 24, 1992, Hendel, J.), citing Evons v. Andrews, supra 506-07.
Neither party has submitted authority which conclusively determines that the failure to inspect the installation and operation of a fireworks display involves discretionary or ministerial responsibilities. A genuine issue of material fact exists as to the nature of the defendants' acts.[2] Accordingly, the defendants' motion for summary judgment on the ground of common law municipal immunity is denied.
 III
The defendants next move for summary judgment on the ground that they are immune from liability pursuant to the statutory governmental immunity codified in General Statutes 52-557n(b)(8). That section of the statute provides:
 [A] political sub-division of the State or any employee, officer or agent acting within the scope of his employment or official duties, shall not be liable for damages to person or property resulting from: . . . (8) failure to make an inspection or make an inadequate or negligent inspection of any property, other than property owned or leased by or leased to such political subdivision, to determine whether the property complies with CT Page 4109 or violates any law or contains a hazard to health or safety, unless the political sub-division had notice of such violation of law or such hazard, or unless such failure to inspect or such inadequate or negligent inspection constitutes the reckless disregard for health or safety under all the relevant circumstances.
(Emphasis added.) General Statutes 52-557n(b)(8).
The defendants argue that they are entitled to immunity under this section of the statute because the instruments used to discharge the fireworks were not property owned or leased by the town. In support of this contention, the defendants attach the affidavit of John Timm, the superintendent of the Parks and Recreation Department of the Town of Torrington. Timm avers that the various apparatus necessary for the fireworks display, including the "mortar racks", "mortar shells", and/or "mortar tubes", were neither owned nor leased by the defendant city.
It is not disputed, however, that the fireworks display was assembled on the grounds of Fuessenich Park, a public park owned by the City of Torrington. (Defendant's Ex. A, Timm Affidavit, Para. 4). Further, the inspection required by General Statutes 29-357
calls for an inspection of the entire site of the display.[3]
Therefore, the defendants have not met their burden of establishing that the property subject to inspection was not owned or leased by the town. The defendants are precluded from claiming immunity pursuant to General Statutes 52-557n(b)(8). Accordingly, their motion for summary judgment on the ground of statutory governmental immunity is denied.
 IV
General Statutes 7-465, in pertinent part, provides:
 Any town, city or borough, . . shall pay on behalf of any employee of such municipality, except firemen covered under the provisions of 7-308. . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights, and or physical damage to person or property. . . .
(Emphasis added.) General Statutes 7-465. CT Page 4110
The defendants argue that the provisions of General Statutes7-465 explicitly exclude "firemen" from the scope of its provisions and because defendants Lach and Corey are firemen, the plaintiffs' claims pursuant to 7-465, are insufficient as a matter of law. General Statutes 7-308, in pertinent part, states:
 Each municipality of this state. . . . shall pay on behalf of any paid or volunteer fireman of such municipality all sums which said fireman becomes obligated to pay by reason of liability imposed upon such fireman, if the fireman, at the time of the occurrence, . . . . was performing fire duties.
General Statutes 7-308.
The term "fire duties" is defined in 7-314 as follows:
 [F]ire duties includes duties performed while at fires, while answering alarms of fire, while answering calls for mutual aid assistance, while returning from calls for mutual aid assistance, while directly returning from fires, while at fire drills or parades, while going directly to fire drills or parades, while at tests or trials of any apparatus or equipment normally used by the fire department, while going directly to or returning from such tests or trials, while instructing or being instructed in fire duties, while answering or returning from ambulance calls where the ambulance service is part of the fire service, while answering or returning from fire department emergency calls and any other duty ordered to be performed by a superior or commanding officer in the fire department.
General Statutes 7-314.
The defendants argue that at all times relevant to the complaint, defendants Lach and Corey were firemen and therefore are entitled to immunity under General Statutes 7-465. The defendants, however, have failed to provide any evidence that defendants Lach and Corey were engaged in "fire duties" at the time of the allegedly negligent inspections. See 7-308; 7-314. That is a genuine issue of material fact. Therefore, the defendants' motion for summary judgment on this ground is denied.
For all of the foregoing reasons, the defendants' motion for CT Page 4111 summary judgment on counts twenty-five through fifty-four of the plaintiffs' amended complaint is denied.
PICKETT, J.