[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 12, 1995
The heraldic crest of one of Ireland's great families shows a hand throttling a snake, surmounting three wolf hounds and three moons over the Latin epigram, "Non sine periculo." Life teaches us that the mountain climber, bungee jumper and race car driver all take risks. However, the plaintiff's experience instructs us that even some of the bowlers of this world have entitlement to the motto "Non sine periculo."
Before the court is the plaintiff's motion for Summary Judgment on liability only in this negligence action in which the plaintiff was hit by a bowling ball which the defendant dropped while placing it into a locker over the plaintiff's head.
The plaintiff's complaint alleges the defendant's negligence in that he
 (1) carelessly and negligently placed his bowling ball back into the locker knowing that the Plaintiff was directly below him; (2) failed to exercise a reasonable degree of care when placing the bowling ball in the upper locker; (3) failed to obtain or request assistance in so placing the bowling ball, (4) failed to place the bowling ball in a bag to facilitate his placement of the bowling ball in the upper locker; (5) failed to adequately watch or pay attention to the bowling ball while placing it in the upper locker.
The defendant's answer denies these allegations. CT Page 4216-A
On November 10, 1992, after bowling at Wolcott Bowling Alley, the plaintiff went to a locker room where he commenced to put away his bowling ball in a lower locker. The defendant Bilger was standing next to the plaintiff, when suddenly and without warning, he dropped a bowling ball on the plaintiff's head. About these facts there is no dispute. The defendant in his deposition and answer to the complaint admitted them. The plaintiff was already at his locker going about this ball storage task when the defendant came to the upper locker. The defendant admits in his deposition there was nothing which could be done by the plaintiff to avoid being hit by the defendant's ball but that there was something the defendant could have done, namely, "Not putting the ball in the locker." With this salient and candid observation of the defendant, the court agrees. He also indicated he could have avoided the incident by "not letting the bowling ball slip out of his hands."
There is no contrary affidavit from the defendant but he opposes summary judgment on the basis that there is no showing of negligence.
"Negligence is a breach of duty . . . To sustain a cause of action, the court must determine whether the defendant owed a duty to the plaintiff . . . and the applicable standard of care . . . The existence of a duty is a question of law." Burns v. Board of Education,30 Conn. App. 594, 598, 621 A.2d 1350 (1993), quotingShore v. Stonington, 187 Conn. 147, 151-52,444 A.2d 1379 (1982). "Only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand."Burns v. Board of Education, supra 30 Conn. App. 598. "The conclusion of negligence . . . becomes strictly a question of law only when the mind of a fair and reasonable [person] could reach but one conclusion."Dubay v. Irish, 207 Conn. 518, 534 n. 10, 542 A.2d 711
(1988). In deciding a motion for summary judgment, the trial court considers the pleadings, affidavits and other documentary proof, and, "the trial court must view the evidence in the light most favorable to the nonmoving party." Strada v. Connecticut Newspapers,CT Page 4216-BInc., 193 Conn. 313, 316, 477 A.2d 1005 (1984).
While summary judgment is generally inappropriate in negligence cases, the court concludes that any reasonable person would agree with the defendant's deposition admission that in these circumstances the defendant could have avoided hitting the plaintiff in the head if he had waited for the plaintiff to leave the area beneath him. But for the defendant's decision to proceed without waiting, and place his ball over the plaintiff's head who was below him, exposing the plaintiff to danger when he dropped it, no harm would have occurred to the plaintiff. Although cases involving bowling balls are not quite up its alley, the court finds it is quite clear what the truth is here. There is no genuine issue of material fact. Summary judgment is granted as to liability only in favor of the plaintiff and the matter is assigned for a hearing in damages.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 4216-F