[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff Deborah L. Gilbert, has filed a complaint, in three counts, against the defendants, Timothy W. Biggs and the Town of Greenwich. The complaint sounds in negligence (count one), indemnification pursuant to General Statutes § 7-465
(count two), and liability pursuant to General Statutes §52-557n(a)(1)(A). Specifically, the plaintiff seeks damages for injuries arising from a collision with a police cruiser driven by Biggs. The defendants have filed several special defenses to the complaint.
The plaintiff filed a motion to strike the first special defense to count one, the first special defense to count two, and the first, second and fourth special defenses to count three on the ground that "each [s]pecial [d]efense improperly sets forth a claim of immunity to the claims asserted by the [p]laintiff in the [c]omplaint . . . [N]o [c]ommon [l]aw [i]mmunity applies to the [p]laintiff's claims in this action."
All of the challenged special defenses assert claims of immunity. Specifically, the defendants allege in their first special defenses to counts one and two that defendant Biggs was "at all times relevant herein, in the good faith performance of CT Page 1122 public duties that were discretionary or governmental in nature, and is protected under the doctrine of governmental immunity from liability for any and all injuries and damages claimed." The; defendants, in response to count three, replace "the Town of Greenwich" for Biggs' name and assert also that the Town "is immune from liability pursuant to General Statutes §52-557n(a)(2)(B)."
"A motion to strike is the proper vehicle by which to contest the legal sufficiency of any special defense contained in an answer to the complaint." Doran v. Waterbury Parking Authority,35 Conn. Sup. 280, 281, 408 A.2d 277 (1979).
The plaintiff, encourages the court to engage in the examination of three sub-issues when deciding her motion to strike: First, whether the plaintiff has pleaded that the defendants were involved in a public duty; Second, whether the plaintiff has pleaded that the defendants were involved in a governmental or discretionary act; Third, whether the plaintiff has pleaded that one of three exceptions apply. The three exceptions are: (1) "Circumstances make it apparent that failure to act would be likely to subject a narrowly defined class of foreseeable victims to sent harm. . . . (2) Where statutes specifically provide a cause of action for failure to comply with the statute . . . and (3) Where the [p]laintiff alleges malice or intent to injure." See generally Burns v. Board of Education,228 Conn. 640, 638 A.2d 1 (1994); Evon v. Andrews, 211 Conn. 501,559 A.2d 1131 (1989); Gordon v. Bridgeport Housing Authority,208 Conn. 161, 167, 544 A.2d 1185 (1988); Purzycki v. Fairfield,44 Conn. App. 359, 363 (1997), cert. granted, 240 Conn. 926,692 A.2d 1282 (1997). This is a correct and exhaustive statement of the law of governmental immunity. This process, however, would require the court to improperly examine facts outside of the challenged pleading.
"In its ruling on the [plaintiff's] motion to strike, the trial court [has an] obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992).
In the present case, the court is limited to considering the facts pleaded by the defendants in their special defenses. CT Page 1123 Specifically, the defendants allege in the first four challenged defenses that at the time of the subject accident, Biggs was "in the good faith performance of public duties that were discretionary or governmental in nature." Whether this fact is true is not appropriately decided on a motion to strike. The issue presented is whether the doctrine of governmental immunity is a proper special defense to allegations of negligence against a municipal employee, indemnification by a municipality pursuant to General Statutes § 7-465, and negligence pursuant to General Statutes § 52-557n(a)(1)(A).
"[G]overnmental immunity must be raised as a special defense in the defendant's pleadings. . . . Governmental immunity is essentially a defense of confession and avoidance similar to other defenses required to be affirmatively pleaded [under Practice Book § 164] . . . . The purpose of requiring affirmative pleading is to apprise the court and the opposing party of the issues to be tried and to prevent concealment of the issues, until the trial is underway." Westport Taxi Service v.Westport Transit District, 235 Conn. 1, 24, 664 A.2d 719 (1995). "In general, [w]hether the acts complained of . ., [are] governmental or ministerial is a factual question which depends upon the nature of the act complained of. . . ." (Internal quotation marks omitted.) Shopey v. Lupoli, Superior Court, judicial district of Litchfield, Docket No. 055850 (April 20, 1994, Pickett, J.).
The first count of the complaint sounds in negligence against Biggs. "The doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal employees. . . . [A] municipal employee . . . has a qualified immunity in the performance of a governmental duty . . . ." Burnsv. Board of Education, 228 Conn. 640, 645, 638 A.2d 1 (1994).
The Westport Taxi Service and Burns Supreme Court decisions indicate that it is appropriate to plead governmental immunity as a special defense to an allegation of negligence against a municipal employee. The first special defense to the first count, therefore, is legally sufficient.
The plaintiff correctly argues that Gordon v. BridgeportHousing Authority, supra, 208 Conn. 170, is authority for the proposition "that the issue of governmental immunity should be decided by the [c]ourt as a matter of law" when faced with a [m]otion to [s]trike." This part of the Gordon decision, however, CT Page 1124 must be examined in light of the pleading that was being challenged. The Gordon court was faced with the legal sufficiency of a complaint. The complaint contained numerous factual allegations. Id. The court was able to examine the issue of governmental immunity, as applied to that case, by analyzing the facts alleged in the complaint. Id.
In the present case, the court is limited to the facts alleged in the special defenses. See Connecticut National Bank v.Douglas, supra, 221 Conn. 536. Those facts are insufficient for the court to determine as a matter of law whether immunity applies to the present case. The only inquiry that is appropriate here, as stated above, is whether the special defenses are legally sufficient.
The second count of the complaint sounds in a claim for indemnification pursuant to General Statutes § 7-465. "General Statutes § 7-465 makes municipalities liable for certain damages caused by their employees to third parties in the course of their duties as employees." Pratt v. Old Saybrook,225 Conn. 177, 185 n. 4, 621 A.2d 1322 (1993). General Statutes §7-465 states that "[g]overnmental immunity shall not be a defense in any action brought under this section."
The defendants argue that the first special defense to the second count is not a defense of governmental immunity. Rather, they explain that the defense indicates that if the defendant Biggs is immune under the doctrine of governmental liability, then so too is the defendant Town.[1]
"Whatever may be the full scope and effect of [General Statutes §] [7-465], in no event may the municipality be held liable under it unless the municipal employee himself, becomes obligated to pay [sums] by reason of the liability imposed upon . . . [him] by law for physical damages to person or property." Burns v. Board of Education, 30 Conn. App. 594, 601,621 A.2d 1350, rev'd on other grounds, supra, 228 Conn. 640,638 A.2d 1 (1994).
The court agrees, in the present case, that the second special defense is not a claim that the town is entitled to governmental immunity. Rather, this defense is a restatement of the Burns Appellate Division proposition cited above.[2] The defendants are pleading only that the Town's liability under General Statutes § 7-465 is derivative of the defendant CT Page 1125 Biggs' liability for negligence that is alleged in count one. The first special defense to count two is legally sufficient.
The third count of the complaint sounds in statutory negligence against the Town, pursuant to General Statutes §52-557n(a)(1)(A).[3] General Statutes § 52-557n "addresses the liabilities and immunities of political subdivisions, their employees, officers and agents." Sanzone v. Board of PoliceCommissioners, 219 Conn. 179, 180-81, 592 A.2d 912 (1991). "Subsection (a) sets forth general principles of municipal liability and immunity . . . ." Id., 185.
The first special defense to the third count is a claim of common law governmental immunity by the Town, identical to the first special defense asserted by the defendant Biggs. The plaintiff, however, does not allege, in the third count of the complaint, that the Town is negligent for its own actions.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." FederalDeposit Ins. Corp. v. Napert-Boyer Part., 40 Conn. App. 434, 445,671 A.2d 1303 (1996).
In the present case, the first special defense to the third count does not plead facts consistent with the allegations of the third count of the complaint. Even if the defendants were to prove that the Town, "at all relevant times herein, . . . [was] in the performance of governmental acts or duties for the public benefit," the Town's liability, as alleged in the third count, would remain unchanged. The defendants' first special defense to the third count, therefore, is legally insufficient.
The second special defense to the third count is a claim of immunity deriving from Biggs' alleged immunity. This defense is substantively identical to the first special defense to the second count. The plaintiff alleges in the complaint that the town is liable under General Statutes § 52-577n only as a result of the defendant Biggs' actions. It follows that if governmental immunity applies to Biggs, the Town is without liability. The second special defense, therefore, is legally sufficient.
The defendants' fourth special defense is a claim of statutory immunity pursuant to General Statutes § CT Page 112652-557n(a)(2)(B). That section states in relevant part: "Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."
The court notes that the defendants' fourth special defense is a legal conclusion unsupported by facts.[4] "[A] motion to strike does not admit legal conclusions . . . stated in the pleading at which the motion is directed." Fairfield Lease Corp. v. Romano's Auto Service, 4 Conn. App. 495, 497, 495 A.2d 286
(1985). Nevertheless, "[a] trial, court in passing upon a motion to strike should not consider grounds other than those specified." Meredith v. Police Commissioner, 182 Conn. 138, 141,438 A.2d 27 (1980).
The plaintiff does not attack the fourth special defense to the third count on the ground that is unsupported by facts. Rather, the plaintiff argues that immunity is an improper defense to her allegations. The explicit language of General Statutes § 52-557n clearly suggests otherwise. The fourth special defense to the third count is legally sufficient.
In sum, the plaintiff's motion to strike the defendants' first special defense to the third count is granted. The remainder of the plaintiff's motion to strike is denied.
So ordered.
D'Andrea, J.