[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR PARTIAL SUMMARY JUDGMENT #114
 Facts
On November 24, 1998, the plaintiffs, Patricia and James Walsh, filed this eight count complaint against the defendants: the Watertown Board of Education; Charles Beliveau, facilities manager of Watertown High School; and Richard Bellerive, Timothy Sullivan as administrator of the Estate of Richard White, Richard Drodvillo, Frank Quadrato and Joseph Campbell, employees of the Watertown Board of Education Maintenance Department. Patricia Walsh has alleged that she injured her left shoulder and knee when she was caused to trip and fall over a mat that was placed over the track surface while she was walking the track located at Watertown High School. The mat had been placed over the track surface to prevent the surface from being damaged by the school football team's cleats as they crossed over the track to get to the football field.
The first four counts of the complaint are brought by Patricia Walsh. Count one sets forth a negligence claim against the Watertown Board of Education and the Facilities Manager, Charles Beliveau. Count two sets forth a negligence claim against the Watertown Board of Education and five individually named former and present employees of its Maintenance Department. Count three is brought against all of the defendants pursuant to General Statutes § 10-235. Count four, also brought against all of the defendants, is brought pursuant to General Statutes § 52-557n. Counts five through eight are brought by James Walsh. Counts five and six set out negligence claims against the Watertown Board of Education and its Facilities Manager, Charles Beliveau, and the Watertown Board of CT Page 13591 Education and five former and present employees of its Maintenance Department, respectively. Count seven is brought against all of the defendants pursuant to § 10-235. Count eight is brought against all of the defendants pursuant to § 52-557n.
Pursuant to Practice Book § 17-44 et seq., the defendants move for partial summary judgment as to the third and seventh counts of the plaintiffs' complaint on the ground that § 10-235 does not provide the plaintiffs with a direct cause of action against the defendant. The plaintiffs object to the defendants' motion and have filed a memorandum of law in opposition to the defendants' motion for partial summary judgment.
 Discussion
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Maffucci v. RoyalPark Ltd. Partnership, 243 Conn. 552, 554, 707 A.2d 15 (1998). "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Water Way Properties v. Colt's Mfg. Co.,230 Conn. 660, 665, 646 A.2d 143 (1994).
The defendants argue that summary judgment is warranted because there are no genuine issues of material fact in dispute as to counts three and seven of plaintiffs' eight count complaint. They contend that they are entitled to partial summary judgment, as to both counts, as a matter of law because § 10-235 provides a board employee with a right to indernnification from loss; it does not provide an injured, non-employee plaintiff with a direct cause of action against a board of education. The plaintiffs argue that partial summary judgment is inappropriate because there is a split of authority within the Connecticut Superior Court as to whether or not § 10-235 allows a non-board employee to bring a direct cause of action.
General Statutes § 10-235 (a) provides in pertinent part: "Each board of education shall protect and save harmless any member of such CT Page 13592 board or any teacher or other employee thereof . . . from financial loss and expense . . . arising out of any claim, demand, suit or judgment by reason of alleged negligence. . . ." A split of authority exists in the Superior Court as to whether § 10-235 provides a non-board employee plaintiff with a direct cause of action against a school board. SeeCarrington v. Sullivan, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 359778 (January 29, 1991, Hennessey, J.) (3 Conn.L.Rptr. 232, 235) ("Under Conn. Gen. Stat. 10-235 . . . no direct liability runs from a board of education to a plaintiff in a tort action. . . ."). But see Rosen v. Reale, Superior Court, judicial district of New London at New London, Docket No. 527510 (January 12, 1994, Hurley, J.) (9 C.S.C.R. 176, 178). ("Section 10-235 permits a direct cause of action by an injured plaintiff against the Board."). Despite this split, this court finds that "the greater weight of authority and reasoning [is] contained in cases denying a direct cause of action for indemnification by an injured plaintiff under General Statutes §10-235." Lauermann v. Danbury Board of Education, Superior Court, judicial district of Danbury, Docket No. 330843 (July 22, 1998, Rogers, J.)
Section 10-235 is not intended to benefit prospective plaintiffs; it is a statutorily created right of indemnification for the benefit of teachers and other board employees. See Parsons v. West Hartford Board ofEducation, Superior Court, judicial district of Hartford, Docket No. 533484 (September 16, 1994, Corradino, J.) (13 Conn.L.Rptr 52, 53). Its purpose is "to make indemnification available to a board of education employee for losses sustained from claims or suits . . . resulting from any act of the employee performed in the discharge of his or her duties. . . ." (Internal quotation marks omitted.) King v. Boardof Education, 203 Conn. 324, 326, 523 A.2d 1131
(1987). The "statute, by its terms, provides for indemnification of employees of the board or its members but does not give plaintiffs a direct cause of action." Loman v. Frank, Superior Court, judicial district of New Haven at New Haven, Docket No. 398833 (May 19, 1999, Devlin, J.)
Moreover, the statute provides for indemnification from loss, not from liability. See Parsons v. West Hartford Board of Education, supra,13 Conn.L.Rptr. 53. The right to indemnification is "contingent on a judgment's being obtained against a board member, teacher, employee or any member of the board's staff." Burns v. Board of Education,30 Conn. App. 594, 602, 621 A.2d 1350 (1993), rev'd on other grounds,228 Conn. 640, 638 A.2d 1 (1994). Thus, although an employee may maintain a cause of action against a board of education, he or she may do so only after actually having sustained a loss. See Parsons v. West HartfordBoard of Education, supra, 13 Conn.L.Rptr. 53. CT Page 13593
The court finds that there are no genuine issues of material fact in dispute, rather, the only issue is whether the defendants are entitled to summary judgment as a matter of law. Accordingly, the court concludes that because § 10-235 was enacted to provide teachers and other board employees with a right to indemnification from loss and the plaintiffs are not employees of the board, the plaintiffs do not have a cause of action against the board or its employees under § 10-235. Further, in this case, any claim for indemnification would be premature because no board employee has suffered a loss. The court, therefore, grants the defendant's motion for summary judgment as to counts three and seven because there are no genuine issues of material fact in dispute and the defendants are entitled to judgment as a matter of law.
So ORDERED.
By the court
Peter Emmett Wiese, Judge