[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE
ISSUE
1. Whether plaintiffs' claims of negligence against the teachers, principal, superintendent, board of education and CT Page 302 town, should be stricken under the doctrine of sovereign immunity.
2. Whether plaintiffs' claims of negligence against the teachers, principal, superintendent, board of education and town, should be stricken under the doctrine of governmental immunity.
3. Whether plaintiffs' claim against the board pursuant to Connecticut General Statutes 10-235 should be stricken under either governmental or sovereign immunity.
FACTS
The plaintiffs, Stephen Rosen and his mother Gena Matarese, filed a fourteen count complaint on July 19, 1993, to recover damages for injuries allegedly sustained by Stephen at the Dean Mills School (hereinafter "school") in Stonington, Connecticut, on September 17, 1991. This case arises out of an alleged altercation on the school playground between Stephen and defendant S. Jordan Wells, both of whom were students at the school at the time of the alleged incident.
Counts one through four of the complaint sound in negligent supervision and are directed against Evelyn Careb, Nance Morin, Leslie Champ and Marie Rosatti, (hereinafter "teachers") all of whom were allegedly teachers, employees, agents and/or servants of the Stonington Board of Education. These counts state that the teachers were supervising student activity on the school playground at the time of the alleged injury. Count five states a claim of negligence against the principal of the school, Conrad Berdeen. The sixth count is directed against S. Jordon Wells and sounds in negligence. Counts seven, eight and nine, state claims of negligence against Thomas F. Reale, Jr., the superintendent of schools for the Town of Stonington (hereinafter "superintendent"), the Stonington Board of Education (hereinafter "Board"), and the Town of Stonington (hereinafter "Town"), respectively. Counts ten, eleven and twelve are nuisance claims, based on the condition of the property where the incident took place, directed against the Board, the Town, and the superintendent, respectively. Count thirteen is one of indemnification against the Board and states that the Board is liable to the plaintiff as indemnitor of teachers, principal, and superintendent, pursuant to General Statutes 10-235. Count CT Page 303 fourteen is an indemnification claim against the Town pursuant to General Statutes 7-465. This final count states that the Town is liable as indemnitor of the teachers, principal and superintendent. Plaintiffs further allege that the teachers, principal and superintendent are all employees of the Board.
On August 13, 1993, a motion to strike was filed by all of the defendants except S. Jordon Wells. These defendants move to strike all counts, except count six, for "failure to state a claim upon which relief can be granted." (Motion to Strike.) The motion further states that the negligence claims against the teachers (counts one through four), principal (count five), superintendent (count seven), Board (count eight) and Town (count nine), and the indemnification claims against the Board and Town (counts thirteen and fourteen) are barred by sovereign immunity. Defendants also claim that all counts are barred by the Recreational Use Statute. General Statutes 52-557g.[1] In addition, although not raised in the motion itself, defendants argue in their memorandum that if sovereign immunity is inapplicable, the principles of governmental immunity bar the negligence counts. Defendants' Memorandum of Law in Support, p. 3-5. Plaintiffs filed an objection to defendants' motion to strike and an accompanying memorandum of law on August 26, 1993.
STANDARD
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 91 (1985). "The doctrine of sovereign immunity involves the jurisdiction of the court over the subject matter of the action. Wiley v. Lloyd, 4 Conn. App. 447, 449, 495 A.2d 1082
(1985.).
 [J]urisdiction of the subject matter is a question of law and cannot be waived or conferred by consent . . . . Once brought to the attention of the court, regardless of the form of the motion, it must be acted upon. Moreover, whenever a court discovers that it has no jurisdiction, it is bound to dismiss the case, without regard to previous rulings.
(Internal quotation marks omitted; citations omitted.) Cahill v. Board of Education, 198 Conn. 229, 238, 502 A.2d 410
CT Page 304 (1985). "Therefore the court may address the issue of sovereign immunity on a motion to strike." Nunes v. Blake Bus Service, Inc., Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 030469S (January 4, 1991).
DISCUSSION
1. The doctrine of sovereign immunity is not applicable as n bar to plaintiffs' claims of negligence as the defendants were not acting as state agents while maintaining control over the school.
The defendants claim that sovereign immunity bars the plaintiffs, claims of negligence against the teachers, principal, superintendent, Board and Town.[2] (Defendants' Motion to Strike, dated August 12, 1993.) The defendants argue that the Board was acting in the role of state agent and is thus entitled to assert the defense of sovereign immunity. (Memorandum of Law in Support of Motion to Strike, dated August 12, 1993, p. 3.)
 The protections offered by the doctrine of sovereign immunity have been extended to agents of the state acting in its behalf. A board of education is an agency of the state in charge of education in a town. Local boards of education are not agents of the state, however, in performing each and every mandated function. Local boards of education act as agents of the state when fulfilling the statutory duties imposed upon them by the legislature in light of the state constitutional mandate to furnish public education. Local boards of education also are agents of the towns, subject to the law governing municipalities, when acting on behalf of the municipality in its function of mandating control over the public schools within the municipality's limits.
(Emphasis added.) (Citations omitted.) R.A. Civitello Co. v. New Haven, 6 Conn. App. 212, 218, 504 A.2d 542 (1986).
"In determining whether a local school board is afforded the protection consistent with the doctrine of sovereign immunity, the courts look to whether the suit would operate to CT Page 305 control or interfere with the activities of the state." R.A. Civitello Co. v. New Haven, supra. "The state, in the exercise of its policy to maintain good public schools, has delegated important duties in that field to the towns." Cheshire v. McKenney, 182 Conn. 253, 258, 438 A.2d 88 (1980). "Each town shall through its board of education maintain the control of all the public schools within its limits . . . ." General Statutes 10-240.
Plaintiffs' complaint alleges, inter alia, that the Board was negligent in its supervision of the teachers, failure to provide proper facilities and adequate supervision, and failure to train the teachers. (Complaint, p. 28-31.) Thus, the court finds that the Board was not acting as a state agent, in that the plaintiffs' allegations concern the Board's function of maintaining control over the school. Sovereign immunity does not bar plaintiffs' claims of negligence against the board. Similarly, the claims of negligence against the teachers, principal and superintendent, as employees of the board, are not barred by the doctrine of sovereign immunity.
The defendants rely on Arvoy v. City of Stamford,2 Conn. L. Rptr. 317 (August 21, 1990, Lewis, J.), to support the proposition that a claim of negligent supervision may be barred by sovereign immunity against claims that a board of education "failed to properly protect students while on the school grounds." Id. However, the court concludes that the doctrines of sovereign immunity and governmental immunity bar a claim against the board of education. The court does not state which immunity is in fact applicable in that case. As the doctrines of sovereign and governmental immunity are mutually exclusive as to a given claim, Arvoy is not authority for the proposition that sovereign immunity applies in the instant case. Therefore, sovereign immunity does not bar plaintiffs' claims of negligence against the Board or its employees.
"Towns have no sovereign immunity . . . ." Murphy v. Ives, 151 Conn. 259, 264, 196 A.2d 596 (1964). Thus, sovereign immunity does not constitute a valid ground upon which to strike the ninth count of plaintiffs' complaint which states a claim of negligence against the Town.
2. The issue of governmental immunity does not lend itself to resolution by a motion to strike when a factual question CT Page 306 exists as to whether defendants' duty was ministerial or discretionary. Furthermore, teachers and principals are not, entitled to assert governmental immunity.
Generally, governmental immunity must be specially pleaded. Gauvin v. New Haven, 187 Conn. 180, 184, 445 A.2d 1
(1982). If, however, "it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by plaintiff, the defendant [is] not required to plead governmental immunity as a special defense and [may] attack the legal sufficiency of the complaint through a motion to strike." (Citation omitted.) Brown v. Branford, 12 Conn. App. 106,111, n. 3, 529 A.2d 743 (1987).
Pursuant to Practice Book 154, "[e]ach motion to strike shall separately set forth each . . . claim of insufficiency and shall distinctly specify the reason or reasons for each . . . claimed insufficiency." If a defendant does not specify the distinct reasons for the claimed insufficiency of the plaintiff's complaint in the defendant's motion, the motion is "fatally defective" under Practice Book 154, notwithstanding the defendant's inclusion of such reasons in its supporting memorandum. Bouchard v. People's Bank, 219 Conn. 465, 468, n. 4, 594 A.2d 1 (1991). However, the court may consider a motion to strike that fails to specify the reason for the deficiency when no objection has been raised to the form of the motion. Pointer v. DiBona, 7 CSCR 707 (May 14, 1992), Austin, J.). Despite the defendants' failure to specify the doctrine of governmental immunity in the motion to strike, plaintiffs' failure to object permits the court to consider governmental immunity, as it was raised in defendants' memorandum in support of the motion to strike.
The defendants claim that governmental immunity bars liability as to the plaintiffs' claims of negligence against the teachers, principal, superintendent, Board and Town, as well as the claims of indemnification against the Board and Town.[3]
 Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature . . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or CT Page 307 discretion as to the propriety of the action.
Gauvin v. New Haven, 187 Conn. 180, 184, 445 A.2d 1 (1982). "[L]iability may attach for a negligently performed ministerial act, but not for a negligently performed discretionary act." (Citations omitted.) Paternoster v. Town of Stamford, 8 Conn. L. Rptr. 24 (November 24, 1992, Leheny, J.). While Connecticut courts have approved the practice of determining whether a duty is ministerial or discretionary as a matter of law, such a determination is generally a question of fact. Gauvin v. New haven [Haven], supra, 186. A determination of whether an act is discretionary or ministerial does not lend itself to resolution by a motion to strike. Hixson v. City of Hartford, 6 CSCR 498 (April 18, 1991, Maloney, J.). Plaintiffs' claims of negligence against the teachers, principal, superintendent, Board and the Town, are legally sufficient to withstand defendants' motion to strike on the grounds of governmental immunity, as plaintiffs' claims will permit proof of facts to establish whether the defendants failed to discharge a ministerial function.
Furthermore, governmental immunity does not even apply to claims made against teachers and principals. "[T]eachers are not officers in the ordinary sense of the word but are employees of the board of education and not entitled to assert the governmental immunity that extends to public officers." Conti v. Labier, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 363483 (February 27, 1991), citing Sansone v. Pechtel, 180 Conn. 96, 98,429 A.2d 820 (1980); Swainbard v. Combs, 19 Conn. Sup. 391,115 A.2d 468 (1955). Principals are also prohibited from claiming governmental immunity. Swainbard v. Combs, supra. Therefore, the motion to strike counts one through five on the ground of governmental immunity is hereby denied on the additional ground that teachers and principals are not entitled to claim the defense of governmental immunity.
3. Section 10-235 permits a direct cause of action by an injured plaintiff against the Board. Since plaintiffs' negligence claims against the Board employees are not stricken, defendants' motion to strike plaintiffs' claim against the Board pursuant to 10-235 is denied.
Section 10-235 provides that "[e]ach board of education shall protect and save harmless any . . . teacher or other CT Page 308 employee [of such board] . . . from financial loss and expense . . . arising out of any claim . . . by reason of alleged negligence. . . ." General Statutes 10-235(a). This section was enacted by the legislature to make indemnification available to a board of education employee for losses sustained from claims or suits for damages. King v. Board of Education, 203 Conn. 324, 326, 524 A.2d 1131 (1987). A split of authority has existed in the superior court as to whether10-235 provides a direct cause of action by the non-board employee plaintiff against a school board. Carrington v. Sullivan, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 359778 (January 29, 1991). However, a recent appellate court decision stated that "[s]ection 10-235 is also an indemnification statute contingent on a judgment's being obtained against a board member, teacher, employee or any member of the board's supervisory or administrative staff." Burns v. Board of Education, 30 Conn. App. 594, 602, 621 A.2d 1350 (1993). This appellate court would allow a direct cause of action against the school board by a private plaintiff who is not a teacher or other employee of the board. Id. The court has denied the defendants' motion to strike plaintiffs' claims of negligence against the board employees. Therefore, the defendants' motion to strike count thirteen is also denied.
4. Plaintiffs' have asserted a legally sufficient cause of action against the Town pursuant to 7-465, since the court has denied the defendants' motion to strike the negligence., claims asserted against the Board employees.
General Statutes 7-465 provides that "[a]ny town . . . shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law . . . ." General Statutes 7-465(a). The term "employee" includes teachers and any other person employed by a town board of education. General Statutes 7-465(b). This statute further states that "[g]overnmental immunity shall not be a defense in any action brought under this section." General Statutes 7-465(a).
Section 7-465 permits an injured plaintiff to directly seek indemnification from a municipal employer. Sanzone v. Board of Police Commissioners, 219 Conn. 179, 592 A.2d 912
(1991). In a suit under 7-465, any municipal liability which CT Page 309 may attach is predicated on prior findings of individual negligence on the part of the employee. Wu v. Fairfield,204 Conn. 435, 438, 528 A.2d 364 (1987). The court has denied defendants' motion to strike plaintiffs' claims of negligence against the employees of the Board. Accordingly, the plaintiffs have a legally sufficient claim under count fourteen, as the Town may be held liable for indemnification due to the negligence of its employees.
The motion to strike count fourteen is also denied.
Hurley, J.