[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NO. 106
The challenged pleading is found in a three count revised complaint against the Town of Ridgefield (Town) and Edward Briggs (hereafter "Briggs"), sanitarian, arising out of the plaintiff's inability to construct a dwelling on his land. It recites causes of action based on negligent misrepresentation, fraud and a violation of Title 42 Sec. 1983 of the United States Code based on an alleged unconstitutional taking without just compensation.
In June of 1993, the plaintiff (hereafter "Reney") attempted to obtain permits from the Town to build a single family home. Employees of the Town instructed him to correct surface water drainage problems on his premises before any permits could issue. He complied. Despite the corrections, however, no permits issued because the Reney property did not satisfy certain perc tests required as a prerequisite to the issuance of a septic system permit. Reney alleges in count one that the Town and Briggs "knew or should have known at the time that the drainage work was ordered to be performed, that the property would and could not qualify for a septic system permit despite the remedial efforts ordered of the Plaintiff." Reney alleges that as a result of the CT Page 12823 negligent misrepresentations of Briggs and the Town, as to the remedial efforts required before he could obtain the mandated permits for building on his property, he suffered damages.
In count two, Reney incorporates the allegations of count one and states that the conduct of the Town and Briggs "constitute[s] fraudulent and deceitful conduct." Count three alleges that as a result of his inability to obtain permits for the property, the "property has been rendered virtually useless and without any appreciable value." Therefore, Reney asserts that the Town engaged in a "taking" of his property in violation of the fifth
and fourteenth amendments to the United States Constitution.
The Town and Briggs have filed a motion to strike the subject three counts contending that the first count falls before the defense of statutory and common law immunity for non-willful acts. The ground stated for striking the second count is that Reney does not allege a legally sufficient claim for fraud. The ground advanced for striking the third count is that Reney "has failed to allege a taking of his property without just compensation and exhaust his remedies available under state law."
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book § 152." Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). "The court must construe the facts in the complaint most favorably to the plaintiff."Novametrix Medical Systems v. BOC Group, Inc., 224 Conn. 210,216. "[A]ll well pleaded facts and those facts necessarily implied from the allegations are taken as admitted." Amodio v.Cunningham, 182 Conn. 80, 83. A motion to strike should be granted where a "pleading . . . on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted." (Internal quotation marks omitted.) Gurliacciv. Mayer, 218 Conn. 531, 544.
Reney alleges that the Town and Briggs were negligent in advising him, in effect, that all that was required to prepare the property for construction was to remedy the surface water problems and pass perc tests. Sec. 52-557n(a)(1) of the General Statutes provides, in pertinent part, that "[e]xcept as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his CT Page 12824 employment or official duties. . . . (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." Under Secs. 52-557n(a)(1) and (a)(2), "liability may attach for a negligently performed ministerial act, but not for a negligently performed discretionary act." (Internal quotation marks omitted.) Rosen v.Reale, 9 CSCR 176, 178 (January 13, 1994, Hurley, J.), quotingPaternoster v. Town of Stamford, 8 Conn. L. Rptr. 24 (November 24, 1992, Leheny, J.).
The Town and Briggs do not argue that their actions were discretionary in nature, rather, they posit that the immunity conferred by Sec. 52-577n(b)(7)[1] applies to this case. However, Sec. 52-577n(b)(7) is inapposite to the facts of this case based upon the express language of the statute. Subsection (7) deals only with the issuance, denial, suspension, revocation, or failure or refusal to issue, deny, suspend or revoke a permit. Reney is not complaining that the Town and Briggs erroneously failed to issue him a permit. He is claiming, however, that the advice rendered to him by the Town and Briggs in connection with the surface water difficulty and the perc tests amounted to a negligent misrepresentation. As a result, Sec. 52-577n(b)(7) does not require that count one of the complaint be stricken.[2] As the Sec. 52-577n(b)(7) argument is the only ground proffered to strike count one of the revised complaint and the courts decide motions to strike only on grounds raised by the movant; Blancatov. Feldspar Corp., 203 Conn. 34, 44; Practice Book Sec. 152; the defendants' motion as it relates to count one is denied.
In count two Reney alleges, on the same factual predicate set forth in the negligent misrepresentation count, that the Town and Briggs advice concerning the surface water problems and the perc tests amounted to deceitful and fraudulent conduct. The classic elements of fraud are: (1) a false representation made as a statement of fact; (2) an untrue statement known to be so by its maker; (3) a statement made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment. Mitchell v. Mitchell, 31 Conn. App. 331, 336.
The first and third elements of fraud cannot be found in his revised complaint. There is no allegation of a false representation made as a statement of fact. The two allegations CT Page 12825 relating to this element do not contain a recital that the statements were false representations. The first representation of fact alleged is that "[t]he Plaintiff was told by . . . the Town Sanitarian, the Building Official and the First Selectman, that before any permits were issued, certain drainage work on the property would have to be performed to correct surface water drainage deficiencies on or about the premises." There is no allegation that this was a false representation. The second allegation relating to this element is that "[w]hen the Plaintiff contacted the Town Sanitarian, he was then told that unless the property passed the percolation tests, a permit would not be issued." Again, there is no allegation that this was a false representation. Reney has failed to allege the first element.
The third element of fraud is also conspicuously absent. There are no facts pleaded that indicate agents of the Town or Briggs spoke with an intent of inducing reliance on their statements. The only allegation approaching this scienter element is the general statement of "fraudulent and deceitful conduct" in paragraph 9. "The mere allegation that a fraud has been perpetrated is insufficient; the specific acts relied upon must be set forth in the complaint." Connecticut National Bank v.Lewis, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 70 37 18 (May 19, 1994, Hennessey, J.), quoting Maruca v. Phillips, 139 Conn. 79, 81. The motion to strike count two is granted.
In the third count, Reney claims that the Town's failure to issue him a septic permit "render[s the property] virtually useless and without any appreciable value." Further, he states that "[t]he actions of the [Town] . . . constitute an unlawful taking of the property by the town of Ridgefield in that the Plaintiff has no practicable use for the property." The Town and Briggs assert, as their ground for striking the third count of Reney's complaint, that he "has failed to allege a taking of his property without just compensation and exhaust his remedies available under state law."
If a governmental body "provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied compensation." Port Clinton Associatesv. Board of Selectmen, 217 Conn. 588, 605 quoting WilliamsonCounty Regional Planning Commission v. Hamilton Bank, 473 U.S. 172,194-95, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). In CT Page 12826 considering Just Compensation Clause claims in Connecticut, our Supreme Court has mandated that "a property owner must pursue any procedure whereby it can obtain compensation for the impact of . . . [regulations or permit requirements] upon his use of his property" prior to pursuing a takings claim. Port ClintonAssociates v. Board of Selectmen, Supra, 606 (Emphasis in original.)
Such a compensatory proceeding is available to Reney in this case. An action for inverse condemnation against the Town is available to him and he has failed to allege in his revised complaint that he has commenced such an action. "`Inverse condemnation is . . . a cause of action against a government defendant to recover the value of property which has been taken in fact by a governmental entity although not through eminent domain procedures.'" Ulichny v. City of Bridgeport, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 22 85 66 (June 25, 1993, Spear, J.), aff'd, 230 Conn. 140, quoting 11A McQuillin, Municipal Corporations Sec. 32.132.20, p. 166 (1991). "`Since . . . [inverse condemnation] is not based on contract or tort principles . . . an inverse condemnation proceeding may be available to the landowner where other remedies may be limited or barred.'" Id.
Since Reney has not alleged that he has proceeded against the Town by way of an inverse condemnation action, his Just Compensation Clause claim is premature. Port Clinton Associatesv. Board of Selectmen, supra, 217 Conn. 605; see also 11A McQuillin Sec. 32.132.20, p. 36 (Sup. 1994) ("A plaintiff seeking relief from a taking by way of the Fifth Amendment must first pursue state law inverse condemnation relief before the issue is ripe.") The motion to strike count three must prevail.
The motion to strike count one is denied and granted as to counts two and three.
Moraghan, J.