[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#118)
The plaintiffs, Matthew F. Zuba and Lorraina Zuba filed a revised complaint on November 17, 1994 and allege that the minor plaintiff, Matthew F. Zuba, was injured at the New Milford High School by the defendant Michael Sheehan during a baseball practice.
The plaintiffs' revised complaint is in three counts. The first count sounds in negligence against Michael Sheehan, the coach of the Junior Varsity and Freshman baseball team at New Milford CT Page 13329 High School. The first count alleges that Mr. Sheehan was negligent in conducting an indoor practice on hardwood floors using hardballs instead of rubber balls and using excessive force in hitting the ball that ultimately struck the minor plaintiff in the mouth causing various injuries to several of the minor plaintiff's front teeth. The second count of the plaintiffs' revised complaint sets forth a claim for indemnification against the Town New Milford pursuant to General Statutes § 10-235. The third count of the plaintiffs' revised complaint sets forth a claim for indemnification against the Town New Milford pursuant to General Statutes § 7-465.
The defendant, Town of New Milford, filed a motion to strike the second and third counts of the plaintiffs' revised complaint and supporting memorandum of law on September 11, 1995. The defendant timely filed a memorandum in opposition.
The defendant argues that an indemnification claim pursuant to General Statutes §§ 10-235 and 7-465 does not permit not permit an injured plaintiff to bring a direct claim seeking indemnification from a municipal employer. As such, the defendant argues that the second and third counts of the plaintiffs' revised complaint are insufficient and should be stricken. The plaintiffs argue that both statutes provide for a direct cause of action and the motion to strike should therefore be denied.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152(1).
"A motion to strike challenges the legal sufficiency of a pleading. In reviewing the granting of a motion to strike, we take the facts alleged in the complaint and construe them in a manner most favorable to the pleader. . . . This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint." (Citations omitted; internal quotation marks omitted.) Forbes v. Ballaro, 31 Conn. App. 235, 238-39624 A.2d 389 (1993).
"The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the CT Page 13330 motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91,108-09, 491 A.2d 368 (1985).
The defendant Town argued that neither General Statutes §§10-235 nor 7-465 provide for a direct cause of action by the injured plaintiff against the Town. The defendant combined the argument as to both statutes into one argument. The court will discuss the statutes separately as different conclusions can be drawn as to each.
I. Second Count — Indemnification pursuant to General Statutes § 10-235.
General Statutes § 10-235 provides in pertinent part: "[e]ach board of education shall protect and save harmless any. . . . teacher or other employee [of such board] . . . from financial loss and expense . . . arising out of any claim . . . by reason of alleged negligence. . . ." General Statutes § 10-235(a).
The defendant argues that this statute is an indemnification statute does not provide an injured plaintiff with a direct cause of action. The Supreme Court has stated that the legislative purpose of General Statutes § 10-235 was "to make indemnification available to a board of education employee for losses sustained from claims or suits for damages, injunctive relief or both, resulting from any act of the employee performed in the discharge of his or her duties or within the scope of employment or under the direction of such board. . . ." (Citations omitted; internal quotation marks omitted.) King v. Board of Education, 203 Conn. 324,326, 524 A.2d 1131 (1987). A split of authority has existed in the superior court as to whether § 10-235 provides a direct cause of action by the non-board employee plaintiff against a school board. Carrington v. Sullivan, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 359778 (3 Conn. L. Rptr. 232, 235, January 29, 1991, Hennesey, J.) ("Under Conn. Gen. Stat. § 10-235 if a judgment is rendered against a board member, teacher or employee, that person may seek indemnification. Since the plaintiffs are not teachers, board members or employees, they cannot proceed under this statute.") See also, Swainbank v.Coombs, 19 Conn. Sup. 391 (1965), Plasse v. Board of Education,28 Conn. Sup. 198, 201 (1969), Doe v. Niland, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 078553 (2 CSCR 734, June 22, 1987, Healy, J.), Marotto v. Gaudet, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 450581 (8 Conn. L. Rptr. 49, Dec. 3, 1992, Lagenbach, J.), all CT Page 13331 holding that this statute sets out a duty owed to its teachers and other employees; it provides indemnification from loss, not liability, thus it does not grant the plaintiffs a direct cause of action. Likewise, this court has held that where the plaintiffs were not employees, teachers, or board members as required by the statute, the plaintiffs could not proceed under General Statutes §10-235. Sherlock v. Christensen, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 052250 (April 19, 1991, Pickett, J.).
The plaintiffs argue that the cases discussed above are no longer controlling because of the Appellate Court's holding inBurns v. Board of Education, 30 Conn. App. 594, 602, 621 A.2d 1350
(1993) ("Section 10-235 is also an indemnification statute contingent on a judgment's being obtained against a board member, teacher, employee or any member of the board's supervisory or administrative staff."). In a superior court case also relied upon by the plaintiff, it was decided in interpreting Burns v. Board ofEducation, supra, 30 Conn. App. 594, that "this appellate court would allow a direct cause of action against the school board by a private plaintiff who is not a teacher or other employee of the board." Rosen v. Reale, Superior Court, judicial district of New London at New London, Docket No. 527510 (9 CSCR 176, 178, January 12, 1994, Hurley, J.). The court, therefore, allowed a non-teacher, non-employee or other non-board member to maintain a claim based on General Statutes § 10-235. Id.
This court, however, respectfully disagrees with the conclusion and reasoning of Rosen v. Reale, supra, 9 CSCR 176, as the issue before the appellate court in Burns v. Board ofEducation, supra, 30 Conn. App. 594, was not whether the statute allows a direct cause of action but rather whether the trial court's granting of a motion for summary judgment based on a negligence claim should be affirmed. In addition, the court decided the issue of whether the trial court properly granted summary judgment on an indemnification claim based on General Statutes § 10-235 in light of the conclusion that the negligence claim failed. The Appellate Court upheld the trial court on both issues. See Burns v. Board of Education, supra, 30 Conn. App. 594. It would appear that the court allowed the plaintiff to bring a direct cause of action but it is clear that the issue of whether it should or should not be allowed was never raised on appeal nor did the court directly address it.
The plaintiffs have presented no reason for this court to CT Page 13332 depart from its previous holding on this issue. Therefore, the defendant's motion to strike the second count is granted.
II. Third Count — Indemnification pursuant to General Statutes § 7-465.
The defendant Town posits the same arguments discussed above to support the position that General Statutes § 7-465 does not provide the plaintiff with a direct cause of action. This argument, however, is misplaced. General Statutes § 7-465 provides that "[a]ny town . . . shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law. . . ." (Emphasis added.) General Statutes 7-465 (a). The term "employee" includes teachers and any other person employed by a town board of education. General Statutes § 7-465 (b).
Section 7-465, however, does permit an injured plaintiff to directly seek indemnification from a municipal employer. Sanzonev. Board of Police Commissioners, 219 Conn. 179, 193, 592 A.2d 912
(1991). "A plaintiff bringing suit under General Statutes § 7-465
first must allege in a separate count and prove the employee's duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification." Wu v. Fairfield, 204 Conn. 435, 438,528 A.2d 364 (1979). The municipality's liability is derived from the liability of its employee. Kaye v. Manchester, 20 Conn. App. 439,443-44, 568 A.2d 459 (1990). "Thus, in a suit under § 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual."Wu v. Fairfield, supra, 204 Conn. 438.
In the present action, the plaintiffs have alleged negligence against an individual employee of the Town in the first count of their revised complaint. Therefore, the count alleging derivative liability, count three, will not be stricken. Accordingly, the defendant's motion to strike the third count is denied.
In summary, the defendant's motion to strike the second count of the plaintiffs' revised complaint is granted and the defendant's motion to strike the third count of the plaintiffs' revised complaint is denied.
PICKETT, J. CT Page 13333